IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RAMEY SUMNERS                                                           PETITIONER

VERSUS                                     CIVIL ACTION NO. 5:07cv58-DCB-MTP

CONSTANCE REESE and NORMAN BROWN                        RESPONDENTS

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.   Petitioner

Sumners, an inmate incarcerated at the Federal Correctional Institute, Yazoo

City, Mississippi, filed this petition for habeas relief pursuant to 28 U.S.C. § 2241 on

March 20, 2007.  He seeks as relief that an order be entered directing that the petitioner be paid

the $500.00 release gratuity, the maximum provided for in 18 U.S.C. § 3624(d) and "any other

just and equitable relief."  (Pet. [1-1] p.11).

Background

Petitioner complains in the instant petition for habeas relief about his classification as well

as not being assured that he will receive the $500.00 release gratuity provided for pursuant to 18

U.S.C. § 3624(d).  The petitioner asserts that respondent Brown assessed a management variable

of greater security against him when deciding the petitioner's custody classification.  As a result

of receiving this management variable, the petitioner contends that he was prevented from being

placed in a minimum custody facility closer to his home.  The petitioner filed a request for

administrative relief to the Warden of FCI-Yazoo City.  Attached to his petition is a copy of the

Warden's response explaining the reason his requested relief was partially granted.  However, the

petitioner did not provide a copy of any additional responses establishing that he had appealed

this response to the Regional Director of the Southeast Regional Office and to the National

Office.

Dockets.Justia.com

Additionally, the petitioner claims that he is being denied a guarantee that he will receive the $500.00 maximum release gratuity provided to prisoners pursuant to 18 U.S.C. § 3624(d) when he is released.  The petitioner states that his projected release date to a community correctional center (CCC) is September 7, 2007, with a projected release date of January 2, 2008.  The petitioner filed a request for administrative relief to the Warden of FCI-Yazoo City.  Attached to his petition is a copy of the Warden's response explaining the reason his requested relief was partially denied.  However, the petitioner did not provide a copy of any additional responses establishing that he had appeal this response to the Regional Director of the Southeast Regional Office and to the National Office.

Analysis

Initially, there must be a determination whether the instant § 2241 habeas is properly before this court.  Clearly, a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  However, "habeas is not available to review questions unrelated to the cause of detention."  Pierre v. United States, 525 F.2d 933, 935 (5th Cir.1976).  The Fifth Circuit in Pierre went on to say that the "sole function" for a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose."  Id. at 935-36.[1]

Having reviewed the record, this court finds that the petitioner has failed to exhaust his available administrative remedies.  However, even if he had exhausted his administrative

---

[1]Moreover, the United States Court of Appeals for the Fifth Circuit in addressing habeas petitions filed by federal inmates requesting injunctive relief, regarding the conditions of their confinement has consistently stated that habeas review is not an available remedy in this situation.  See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.1993); Hernadez v. Garrison, 916 F.2d 291, 292-03 (5th Cir.1990).

3

remedies, his claims presented here relating to his custody classification and the release gratuity are not habeas in nature. These claims simply do not affect the execution of the petitioner's criminal sentence. Therefore, the petitioner cannot maintain this habeas petition filed pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, the petitioner cannot proceed with this petition for habeas corpus relief on grounds which attack the conditions of his confinement. The remedy pursuant to a § 2241 writ of habeas corpus is not the proper forum to assert these allegations. Therefore, the instant petition is denied and dismissed without prejudice so that the petitioner may present his claims in the proper manner.

SO ORDERED this the   10th   day of     May   , 2007.


                                    s/ David Bramlette
                                    UNITED STATES DISTRICT JUDGE